UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Mubaraka Iddrisu,

    Petitioner,

v.

Kevin McAleenan,[1] *Acting Secretary of Homeland Security*, William Barr,[2] *Attorney General*, Peter Berg, *ICE Field Office Director*, and Joel Brott, *Sherburne County Sheriff*,

    Respondents.

Case No. 19-cv-289 (NEB/SER)

**REPORT AND RECOMMENDATION**

---

This matter is before the Court on Petitioner Iddrisu's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Pet., ECF No. 1). This action was referred to the undersigned for a report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons stated below, this Court recommends the petition be denied as moot and this action be dismissed.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a native and citizen of Ghana. (Pet., at 5; Decl. of Angela Minner ¶ 4, ECF No. 6). Petitioner entered the United States via Otay Mesa, California on February 1, 2015 and sought asylum. (Minner Decl. ¶ 5). The United States Citizenship and

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Secretary Kirstjen Nielsen is substituted by Acting Secretary Kevin McAleenan.
[2] Pursuant to Fed. R. Civ. P. 25(d), Acting Attorney General Matthew Whitaker is substituted by William Barr.

Immigration Services ("USCIS") Asylum Office in Los Angeles conducted a credible fear interview on February 17, 2015. (Minner Decl. ¶ 6). Petitioner was served a Notice to Appear on February 23, 2015. (Minner Decl. ¶ 7; Minner Decl., Ex. A). On February 6, 2016, an immigration judge denied Petitioner's applications for asylum and withholding of removal and ordered Petitioner removed to Ghana. (Minner Decl. ¶ 8; Minner Decl., Ex. B).

Pending his appeal, Petitioner was released on a $20,000 bond on March 9, 2016. (Minner Decl. ¶¶ 9–10). The Board of Immigration Appeals dismissed Petitioner's appeal on January 24, 2017. (Minner Decl. ¶ 11; Minner Decl., Ex. C). On January 31, 2017, Petitioner missed a scheduled home visit and was deemed to have absconded from his release program. (Minner Decl. ¶ 12).

On March 11, 2017, Petitioner entered Canada at the Pembina, North Dakota / Emerson, Manitoba border crossing to seek refugee protection. (Minner Decl. ¶ 14). On July 31, 2018, U.S. Border Patrol encountered Petitioner at a Grand Forks, North Dakota bus station. (Minner Decl. ¶ 16). Petitioner was served by U.S. Border Patrol with a Notice of Intent to Reinstate Prior Order. (Minner Decl. ¶ 16; Minner Decl., Ex. D). Petitioner claimed a fear of returning to Ghana. (Minner Decl. ¶ 16). Petitioner underwent a reasonable fear interview on August 14, 2018. (Minner Decl. ¶ 19). Petitioner withdrew his fear claim. (Minner Decl. ¶ 19).

On August 24, 2018, U.S. Immigration & Customs Enforcement – Enforcement and Removal Operations ("ICE/ERO") sent a travel document request to the Ghanaian embassy. (Minner Decl. ¶ 20). On October 2, 2018, ICE received a copy of Petitioner's

passport biographical page from Canadian immigration officials for assistance in obtaining travel documents. (Minner Decl. ¶ 21). On November 5, 2018, Petitioner indicated he did not have his Ghanaian passport. (Minner Decl. ¶ 24). On November 7, 2018, ICE/ERO reviewed Petitioner's custody status and ordered continued detention for 90 days based on significant likelihood of removal in the reasonably foreseeable future and because Petitioner posed a flight risk based on his prior immigration history. (Minner Decl. ¶ 22).

On November 28, 2018, the Embassy of Ghana conducted a telephone interview of Petitioner. (Minner Decl. ¶ 25). The Ghanaian Embassy indicated it would be possible to issue travel documents in time for an upcoming ICE charter flight, but wanted to speak with Petitioner's wife before making a decision. (Minner Decl. ¶ 25). Petitioner was transported to Oakdale, Louisiana on December 5, 2018 in anticipation of a chartered flight to Ghana. (Minner Decl. ¶ 26). Petitioner was transferred back to Minnesota because Ghana did not issue travel documents in time for the chartered flight. (Minner Decl. ¶ 27).

Petitioner's custody was reviewed on January 24, 2019 and continued. (Minner Decl. ¶ 29; ECF No. 10). On January 31, 2019, the United States imposed visa sanctions on Ghana due to its delays in issuing travel documents. (Minner Decl. ¶ 30). On February 7, 2019, Ghana issued travel documents for several Ghanaians in ICE custody. (Minner Decl. ¶ 31).

Petitioner filed his habeas petition on February 6, 2019. Petitioner asserts he is in prolonged, indefinite ICE custody following a final removal order, that ICE has been unable to secure a travel document, that ICE has had failed attempts to remove Petitioner, and that ICE is unable to remove Petitioner in the foreseeable future. (Pet., at 2). Petitioner

3

challenges his detention as violative of 8 U.S.C. § 1226, *Zadvydas v. Davis*, 533 U.S. 678 (2001), and the Due Process Clause of the Fifth Amendment. (Pet., at 6–8). Petitioner also asserts that his detention is a "means to punish [him] for his attempt to seek asylum elsewhere particularly in Canada." (Pet., at 8). Petitioner also argues a Fourth Amendment violation because his detention is without legal reason. (Pet., at 7; ECF No. 9, at 15–17).

On March 13, 2019, Ghana issued a travel document for Petitioner, valid through May 13, 2019. (Minner Decl. ¶ 34; Supp. Decl. of Angela Minner ¶ 1, ECF No. 8). ICE attempted a scheduled removal of Petitioner via commercial flight on April 11, 2019, but the airline carrier cancelled the flight due to inclement weather. (Supp. Minner Decl. ¶ 5). ICE rescheduled and then attempted a second commercial removal of Petitioner to Ghana on April 29, 2019. (Supp. Minner Decl. ¶ 6). On that date, Petitioner told ICE officers that he would not cooperate with removal, that he would resist efforts to board the aircraft, that he would not be separated from his girlfriend and child, and that he would rather remain incarcerated and go to prison. (Supp. Minner Decl. ¶ 6; Second Supp. Decl. of Angela Minner ¶ 1, ECF No. 13). Based on Petitioner's statements and for officer safety concerns, ICE cancelled the scheduled removal. (Supp. Minner Decl. ¶ 6). ICE then served Petitioner a Notice of Failure to Comply and, along with his immigration history and previously-breached bond, stating ICE considered Petitioner to be a flight risk and that he should remain in custody pending an ICE charter flight. (Supp. Minner Decl. ¶¶ 7–9; (Supp. Minner Decl., Ex. A).

On July 16, 2019, Petitioner was removed to Ghana via an ICE charter flight. (Second Supp. Minner Decl. ¶ 3). Respondents assert that Petitioner's deportation renders this habeas matter moot and request that it be dismissed. (ECF No. 14).

## II.   ANALYSIS

This Court interprets Petitioner's claims as challenging his continued detention pursuant to *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001), because Petitioner requests that the Court order his immediate and unconditional release from custody. As Respondents note, however, Petitioner has since been deported, thereby ending his custody and mooting his challenge.

The United States Constitution limits the jurisdiction of the federal courts to ongoing cases and controversies. *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000); *see* U.S. CONST. art. III, § 2. The case-or-controversy requirement exists at all stages of federal judicial proceedings. *Potter v. Norwest Mortg., Inc.*, 329 F.3d 608, 611 (8th Cir. 2003). It is of no consequence that a claim was live at an earlier stage in the proceedings; a claim must be live when the court decides the issues. *South Dakota v. Hazen*, 914 F.2d 147, 150 (8th Cir. 1990). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Haden*, 212 F.3d at 469 (alteration in original) (quoting *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994)). The federal courts lack jurisdiction to hear moot cases. *Minn. Humane Soc'y v. Clark*, 184 F.3d 795, 797 (8th Cir. 1999). Thus, when an action is moot

because it no longer satisfies the case-or-controversy requirement, "a federal court must dismiss the action." *Potter*, 329 F.3d at 611 (citing *Minn. Humane Soc'y*, 184 F.3d at 797).

In this case, no ongoing controversy exists because ICE removed Petitioner from the United States. Petitioner seeks release from ICE custody. As Petitioner has been removed and is no longer in ICE custody, any order of release from the Court would be ineffectual. Because the Court cannot grant Petitioner effective relief, the instant challenge to Petitioner's detention pending removal is moot. *See, e.g., Ahmed v. Sessions*, Case No. 16-cv-2124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017) (habeas petition was moot because petitioner's removal from the United States left "nothing for the [c]ourt to grant by way of habeas relief" as petitioner was no longer in ICE custody), *report and recommendation adopted by* 2017 WL 3268176 (D. Minn. July 31, 2017); *Estrada-Heredia v. Holder*, Case No. 12-cv-1157 (SRN/SER), 2012 WL 4839113, at *2 (D. Minn. Sept. 25, 2012) (habeas petition moot where petitioner was already repatriated to Mexico), *report and recommendation adopted by* 2012 WL 4839019 (D. Minn. Oct. 11, 2012); *Mhanna v. U.S. Dep't of Homeland Sec. Citizenship & Immigration Servs.*, No. 10-cv-292 (JRT/LIB), 2010 WL 5141803, at *12 (D. Minn. Dec. 13, 2010) (petitioner's removal from the United States rendered habeas claim relating to ICE detention moot).[3]

---

[3] This Court further concludes that none of the mootness exceptions apply. *See Ahmed*, 2017 WL 3267738, at *2 (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002)). First, any continuing injury would follow from Petitioner's order of removal to Ghana rather than Petitioner's allegedly prolonged detention. Second, there is nothing further to litigate in Petitioner's case, so the capable-of-repetition exception does not apply. Third, the voluntary-cessation exception does not apply because if Petitioner were brought back into custody, it would be under a new set of circumstances and facts. And finally, the class-action exception does not apply because this case involves an individual detainee's request for relief on his own behalf, not a request for relief on behalf of a class of individuals.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), be **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

Date: August 1, 2019            *s/ Steven E. Rau*
Steven E. Rau
United States Magistrate Judge
District of Minnesota

*Iddrisu v. McAleenan*
Case No. 19-cv-289 (NEB/SER)

### NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).